```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORF LASFAR ENERGY            )
COMPANY, S.C.A.,              )
        Plaintiff,            )
                              )
     v.                       )  Civil Action No. 05-0423
                              )
AMCI EXPORT CORPORATION,      )
        Defendant.            )
```

<u>MEMORANDUM and ORDER</u>

Gary L. Lancaster,
District Judge.                              December 22, 2005

This is an action to confirm a foreign arbitral award. An arbitral tribunal located in France awarded plaintiff, Jorf Lasfar Energy Company, S.C.A. ("JLEC"), more than $7 million against defendant, AMCI Export Corporation ("AMCI"), on a breach of contract claim. Plaintiff seeks to confirm that award under The United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 <u>et</u> <u>seq</u>. ("the Convention"). Defendant asserts three defenses to confirmation of that award: (1) it was denied the opportunity to present its case; (2) the award is not yet binding; and (3) the award violates the public policy of this country.

Plaintiff has filed a motion to confirm the arbitral award, or alternatively, for an order requiring defendant to post security [doc. no. 10]. Plaintiff argues that defendant is unable to satisfy its burden to prove any of its defenses, and that therefore, the award should be confirmed. Defendant has

suggested that this action be stayed pending resolution of a direct appeal of the Arbitral Award currently pending in France.

For the reasons set forth below, upon careful consideration of the relevant factors, we will exercise our discretion and stay these proceedings pending resolution of the direct appeal of the Arbitral Award currently pending in France.

I.  FACTUAL BACKGROUND

JLEC and AMCI are parties to a coal supply agreement entered into in October of 2002. JLEC is a Moroccan company. AMCI is located in this judicial district. Under the agreement, AMCI was to supply coal to JLEC. JLEC needed the coal in order to operate its power station in Morocco. AMCI failed to supply that coal, forcing JLEC to obtain replacement coal on the open market at a much higher price than that set in the agreement. JLEC attempted to recover its increased costs from AMCI under the terms of the parties' contract, but was unsuccessful. Therefore, pursuant to the terms of the coal supply agreement, JLEC initiated arbitration in May of 2004 in Paris, France.

AMCI received notice of and participated in the arbitration. It selected a member of the arbitration tribunal, filed a defense, and communicated with the panel, and JLEC, on numerous occasions. Notably, AMCI, however, refused to pay its share of the arbitration expenses, forcing JLEC to pay AMCI's share in

order to avoid termination of the arbitration. In addition, AMCI chose not to submit any witness statements by the deadline set forth by the arbitration tribunal for submission of evidence. AMCI submitted only one document in support of its defense; a document purporting to prove its contractual defense of <u>force majeure</u>. AMCI failed to request an oral hearing until after the deadline had passed for the submission of witness statements and evidence.

As a result, the tribunal decided this dispute on the papers, and awarded JLEC more than $7 million in damages, interest, attorneys' fees, and expenses. AMCI appealed the award to the appropriate court in Paris, France. That appeal is currently pending. On the same day that the French appeal was filed, JLEC filed this action to confirm the Arbitral Award. AMCI resists confirmation of the award, claiming that the award cannot be confirmed because the arbitration panel denied it the opportunity to submit evidence and have an oral hearing, and because the Award is not yet final due to the pending French appeal.

II. APPLICABLE LAW

    A. Confirmation of Foreign Arbitral Award

Under Article III of the Convention a contracting state "shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon." 9 U.S.C. §201. A district court's role in reviewing a foreign arbitration award is strictly limited, so that the court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention. 9 U.S.C. §207. Article V of the Convention enumerates seven grounds on which a district court may refuse enforcement. 9 U.S.C. §201. Those grounds include, among others, invalidity of the agreement, inability of a party to present its case, that the award deals with issues outside of the scope of the arbitration clause, that the arbitral authority was improperly formed, that the award has not become binding, and that enforcement of the award would be contrary to the public policy of the enforcing state. 9 U.S.C. §201. The party opposing enforcement has the burden of proving the existence of one of the enumerated defenses. Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 313 (2d Cir. 1998).

B. Stay of Confirmation Proceedings

Under Article VI of the Convention, a district court has discretion to adjourn, or stay, enforcement proceedings where an application has been made in the originating country to have the arbitral award set aside or suspended. 9 U.S.C. §201. This discretion under the Convention supplements the court's inherent power to manage its own caseload and suspense docket. Clinton v. Jones, 520 U.S. 681, 706-07 (1997). However, we must exercise our discretion in determining whether to adjourn or stay the confirmation of an arbitral award by balancing the Convention's policy in favor of confirming such awards against the principle of international comity embraced by the Convention. Europcar, 156 F.3d at 317. More specifically, in exercising this discretion, a district court should consider several factors:

> (1) the general objectives of arbitration - the expeditious resolution of disputes and the avoidance of protracted and expensive litigation;
>
> (2) the status of the foreign proceedings and the estimated time for those proceedings to be resolved;
>
> (3) whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review;
>
> (4) the characteristics of the foreign proceedings including (i) whether they were brought to enforce an award or to set it aside; (ii) whether they were initiated before the underlying enforcement proceedings so as to raise concerns of international comity; (iii) whether they were initiated by the party now seeking to

>    enforce the award in federal court; and (iv) whether they were initiated under circumstances indicating an intent to hinder or delay resolution of the dispute;
>
>    (5) the balance of possible hardships to each of the parties; and
>
>    (6) and other circumstances that could tend to shift the balance in favor of or against adjournment.

Id. at 317-18. While a district court should not automatically stay enforcement proceedings on the ground that parallel proceedings are pending in the originating country, "a district court may be acting improvidently by enforcing the award prior to the completion of the foreign proceeding" and risking the possibility of inconsistent results. Id. at 317.

III. DISCUSSION

Defendant has raised three defenses to enforcement of the Arbitral Award: first, that it was unable to present its case; second, that the award is not yet binding; and third, that recognition of the award would be against U.S. public policy. We have weighed the various considerations and factors relevant to making a decision to stay enforcement proceedings pending a foreign appeal under the Convention and find it appropriate to defer enforcement proceedings pursuant to Article VI of the Convention.

We find that although causing an immediate delay, this course of action will actually serve the objectives of resolving disputes expeditiously and avoiding protracted and expensive litigation. The delay that will be caused immediately is likely shorter than the possible delay that would occur if this court were to confirm the award and the French court then set it aside. More expensive litigation involving more complex issues would result from such a situation.

The details regarding the French action, overall, favor staying this action. This action and the French action were filed on the same day. We can draw no inference from the timing of the filing, or any other circumstances, that the French action was filed in order to hinder or delay resolution of this dispute. Although we question defendant's ability to ultimately prove its defenses, we are unable to say that they, or defendant's appeal in France, are frivolous. The content of the two actions shows that defendant's objections to the Arbitral Award are consistent. The claims defendant raised in the French action mirror the defenses asserted before this court. As a result, there is also a very real risk of inconsistent judgments.

There is no evidence that the French court will fail to adequately review the arbitral award or partake in excessive delay in doing so. Rather, defendant reports that a decision is expected from the French court before the end of next year.

Although plaintiff disputed this timeline at oral argument, they have provided us with no evidence to the contrary. Finally, the court finds it especially significant that under French law, defendant's appeal of the Arbitral Award automatically stayed execution of the award in that jurisdiction. French Noveau Code, art. 1506. While that stay of execution is not binding on this court, we find it highly relevant to a consideration of the overall nature and circumstances of the French proceeding. Upon consideration of the nature and circumstances of the French action, we find that they weigh in favor of staying this action.

The court finds that the balancing of the hardships to each of the parties favors the stay. By requiring defendant to post security, plaintiff will receive adequate assurances of prompt payment once this dispute is resolved. There is no indication that plaintiff is suffering financial hardship as a result of its inability to collect immediately on this award. We note that plaintiff has gone nearly a year without having access to this money. Although we certainly do not doubt that plaintiff would like, and could use, more than $7 million, upon a balance of hardships, there is no evidence that plaintiff is suffering any substantial harm as a direct result of not having access to the money. On the other hand, there would be very real harm to defendant were we to confirm the award, plaintiff were take action

to execute on the judgment, and the French court were to later determine that the award was improper.

Upon a balance of all the factors, we find it appropriate to stay this action pending resolution of the French appeal.

IV. CONCLUSION

For the foregoing reasons, the court will exercise its inherent discretion and the power granted to it under Article VI of the Convention, and stay these proceedings pending resolution of the appeal currently pending before the French court. We will also, in accordance with Article VI, order defendant to post adequate security. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORF LASFAR ENERGY COMPANY, S.C.A., <br>     Plaintiff, <br><br> v. <br><br> AMCI EXPORT CORPORATION, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-0423 <br> ) <br> ) <br> ) |

ORDER

Therefore, this 22nd day of December, 2005, IT IS HEREBY ORDERED that this action shall be stayed pending resolution of the appeal of the Arbitral Award pending in Paris, France.

Plaintiff's motion to confirm the Arbitral Award [doc. no. 10] is DENIED, without prejudice.

Plaintiff's motion to require defendant to post security [doc. no. 10] is GRANTED. Defendant is ordered to post suitable security in the amount of $3,600,000.00, for the duration of the stay, within 20 days of the entry of this order on the court's docket.

BY THE COURT,

_____, J.

cc: All Counsel of Record

10