```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORF LASFAR ENERGY              )
COMPANY, S.C.A.                 )
        Plaintiff,              )
                                )
    v.                          )  Civil Action No. 05-0423
                                )
AMCI EXPORT CORPORATION,        )
        Defendant.              )
```

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                January 19, 2006

This is an action to confirm a foreign arbitral award of more than $7 million issued by an arbitral tribunal located in France to plaintiff. Plaintiff filed a motion to confirm that award under The United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §201 et seq. Defendant asserted three substantive defenses to confirmation and sought a stay of this action pending resolution of the direct appeal of the arbitral award currently pending in France.

On December 22, 2005, this court issued an order denying plaintiff's motion to confirm the award, without prejudice. In that order, we also stayed these proceedings, and required defendant to post adequate security. Defendant did not post security by the January 11, 2006, deadline, and reportedly does not intend to do so. Therefore, plaintiff has filed a motion to lift the stay and confirm the arbitral award [doc. no. 42].

Plaintiff contends that defendant has no valid defense to confirmation and is seeking only to delay entry of judgment. Plaintiff asks this court to lift the stay and "immediately confirm the Award".

Plaintiff's motion will be granted in part, and denied in part. Because defendant failed to post the security required by this court's December 22, 2005, order, we will lift the stay. The court notified the parties at the December 7, 2005, oral argument that if defendant failed to post security, the stay would be lifted. The court's December 22, 2005 order reiterated the requirement that security be posted for the duration of the stay. Defendant has failed to post the required security, and therefore, plaintiff's motion to lift the stay [doc. no. 42-1] is GRANTED.

However, plaintiff's motion to immediately confirm the arbitral award, apparently without any further proceedings and as a sanction for failing to post the required security, is denied. Even according to the one case cited by plaintiff in support of its motion, failure to post the required security results not in immediate enforcement of the award, but rather in moving forward with the matter without regard to the pending foreign proceedings. Spier v. Calzaturificio S.p.A., 1998 WL 96839, *2 (S.D.N.Y. Sep. 12, 1998).

With the stay having been lifted, plaintiff is now free to file a motion to enforce, such as the one that was previously denied, without prejudice. Plaintiff may also decide that some other action is preferable. However, regardless, it is inappropriate for plaintiff to seek immediate confirmation of the award as a sanction for defendant's failure to post security. Lifting the stay is the appropriate consequence for defendant's failure to post adequate security, which relief has already been granted. Plaintiff's motion to confirm the arbitration award based on defendant's failure to post security [doc. no. 42-2] is DENIED.

BY THE COURT,

_____, J.

cc: All Counsel of Record